In the Matter of Edward E. Kaufman, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, April 6, 1978

**APPEARANCES OF COUNSEL**

*James D. Porter, Jr.,* of counsel *(Saul Friedberg* with him on the brief), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

*Per Curiam.*

Respondent, admitted in this Department in 1943, was charged with three separate specifications of neglect of clients' cases. In the earliest of these instances, having commenced a personal injury action, he did nothing about it for five years; this was admitted. According to respondent, the claim was later settled to the satisfaction of the client. The second charge was similar, resulting after calendar neglect in dismissal, followed by suit against him for malpractice. The case was settled for $1,250. He has paid none of this, inclusive of a $400 check in part payment, returned for insufficiency. The Referee has sustained this charge. The third similar case suffered dismissal for lack of prosecution, which respondent concealed from his client. Without revealing what had happened, respondent offered the client $1,000 in settlement, securing a release to him for any claim by the client "by reason of the manner in which [the] action was prosecuted." The client was not independently represented. The sum for which the claim was settled remains unpaid. The Referee has likewise sustained this charge. We confirm the Referee's findings, inclusive of the record therein that, during the period covered by the charges, respondent admittedly was admonished by petitioner in respect of two similar situations.

Patently, respondent is guilty of serious professional misconduct meriting discipline. Respondent's explanation was that, when two members of the firm with which he was associated, died, he was left with a greater volume of work than he could handle, and, instead of explaining his predicament to his clients and taking steps to be relieved, he permitted the inevitable neglect to take place. He thereafter encountered great financial difficulties and cannot now make restitution, though he expresses his desire to do so. He admits sole responsibility for his difficulties. In the circumstances, we believe that a severe period of suspension would constitute an appropriate sanction with, however, the condition that no application for reinstatement shall be considered unless accompanied by proof of restitution to his former clients in amounts found appropriate by petitioner.

Respondent should be suspended from the practice of law for three years and until the court's further order.

MURPHY, P. J., SILVERMAN, EVANS, FEIN and MARKEWICH, JJ., concur.

Respondent suspended as an attorney and counselor at law in the State of New York for a period of three years effective May 8, 1978.